UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATTHEW B. SHIVERS,

    Petitioner,

v.                              Case No. 5:14cv71/RS/CJK

N. C. ENGLISH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    This matter is before the court upon petitioner's second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 9) and the government's response to the petition (doc. 13). The petitioner has filed a reply (doc. 15) and supplemental reply (doc. 16) to the government's response. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. §636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes the petitioner has not demonstrated entitlement to proceed under § 2241, and this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

    Petitioner, a federal inmate confined at Federal Correctional Institution Marianna, Florida ("FCI Marianna"), is serving a sentence imposed by the United States District Court for the Northern District of Florida ("Northern District") in *United States v. Shivers*, Case Number 4:05cr5. On May 3, 2005, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§

922(g)(1) and 924(e). (CR Docs. 21, 22).[1] Section 924(e) provides that a person found guilty of violating § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a mandatory fifteen-year minimum prison sentence. 18 U.S.C. § 924(e). Petitioner was sentenced to 180 months imprisonment and five years of supervised release. (CR Docs. 24, 25). Petitioner appealed his conviction, claiming 18 U.S.C. § 922(g) was an unconstitutional exercise of Congress' commerce power; the Eleventh Circuit affirmed. (CR Doc. 42). Petitioner indicates he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on October 20, 2011. (Doc. 9, p. 2). None of his submissions to the sentencing court, however, were labeled as § 2255 motions.

Petitioner's second amended § 2241 petition asserts his 1995 drug conviction is not a serious drug offense under § 924(e) because the state statute he was convicted under lacked a knowledge requirement as to the illegal nature of the substance. (Doc. 9, p. 3).[2] Thus, petitioner argues he should not be subject to § 924(e)'s mandatory fifteen-year minimum prison sentence. (Doc. 9).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v.*

---

[1] References to petitioner's criminal case from the Northern District of Florida, Case Number 4:05cr5, will be by "CR," for criminal record, followed by the document number and, if appropriate, the page number.

[2] Although petitioner contends he is challenging the classification of a 1995 drug conviction as a serious drug offense, the indictment in petitioner's criminal case indicates petitioner's three qualifying serious drug offenses were two 1998 convictions for the sale of cocaine and one 1998 conviction for possession of cocaine with the intent to deliver. (CR. Doc. 1, p. 1).

*Case No. 5:14cv71/RS/CJK*

*Hayman*, 342 U.S. 205 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[3] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944; *see also* 28 U.S.C. § 2255(a) (providing that a federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

2011). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262-63 (11th Cir 2013) ("Section 2255(e)'s language–'shall not be entertained'–speaks 'in imperative terms regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions." (alteration in original) (*citing Williams*, 713 F.3d at 1340)).

Although captioned as a § 2241 petition, petitioner is challenging the validity of his judgment of conviction and sentence, not the execution of his sentence. Petitioner, therefore, must show he is eligible to proceed under § 2255(e)'s savings clause. To overcome this jurisdictional hurdle, petitioner relies on *Bryant*, where the Eleventh Circuit outlined "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)." 738 F.3d at 1257. The five requirements are:

> (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.

*Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (summarizing

*Bryant*'s five requirements).

Petitioner cannot satisfy the second requirement of *Bryant*. The court, therefore, will not address the other requirements. *See Jeanty*, 757 F.3d at 1285 ("We do not address all five requirements because doing so is not necessary to decide this case.").

Petitioner attempts to meet the second prong of *Bryant* by relying on *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Descamps*, the Supreme Court "limited the use of the modified categorical approach to determine whether a prior conviction is a violent felony[.]" *United States v. Smith*, 742 F.3d 949, 951 (11th Cir. 2014). Petitioner's reliance on *Descamps* is unavailing because *Descamps* did not address what state convictions qualify as serious drug offenses. In *United States v. Johnson*, 570 F. App'x 852 (11th Cir. 2014), the Eleventh Circuit affirmed a district court's decision to treat a defendant's convictions for sale of cocaine under FLA. STAT. § 893.13(1)(a)(1)–the same statute under which petitioner was convicted–as serious drug offenses under § 924(e). The Eleventh Circuit rejected the very argument petitioner advances here:

> Second, Johnson argues that his 2005 conviction cannot qualify as an ACCA predicate under the Supreme Court's decision in *Descamps v. United States*, because his conviction does not contain the "knowingly or intentionally" element of 21 U.S.C. § 841(a)(1). His argument is a misapplication of the portion of *Descamps* that outlines how to determine if a prior conviction meets the generic elements for one of the enumerated "violent felonies" in 18 U.S.C. § 924(e)(2)(B)(ii). In this case we are dealing with "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii), not violent felonies. *Descamps* did not change the definition of serious drug offenses under the ACCA.

*Johnson*, 570 F. App'x at 857. *Descamps*, therefore, does not satisfy the second

requirement of *Bryant*.

Because petitioner cannot satisfy all the requirements to proceed under § 2255(e), this court does not have jurisdiction to review his § 2241 petition. This case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 9) be DISMISSED WITH PREJUDICE.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of December, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).